## W. H. Ware v. The State.

No. 6820.  Decided April 12, 1922.

1.—Incest—Sufficiency of the Evidence.

Where, upon trial of incest, the evidence was sufficient to sustain the conviction there was no reversible error.

**2.—Same—Newly Discovered Evidence—Practice on Appeal.**

Where the motion for new trial set up newly discovered evidence, but did not allege that the facts set out in the motion were not known to the defendant at the time of the trial, nor did the defendant assert that for the first time he became aware of what his wife would testify to, after his conviction, the same was insufficient to be considered on appeal.

Appeal from the District Court of Sabine. Tried below before the Honorable V. H. Stark.

Appeal from a conviction of incest; penalty, ten years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Appellant was convicted for incest with his stepdaughter, punishment being assessed at ten years confinement in the penitentiary.

It would serve no good purpose to set out the evidence. To our minds it is amply sufficient to support the verdict. The evidence corroborating that of the stepdaughter is sufficient to meet the requirement of the law.

In his motion for new trial appellant sets up newly discovered evidence, and attaches thereto the affidavit of his wife to the effect that on the night of the 24th day of August, 1921 (the date on which the offense is alleged to have occurred) she slept in the room with appellant and prosecutrix and that she heard no rattling of bed springs in the room where they were sleeping, and heard no talk between them, and that if appellant had gotten in bed with prosecutrix she would and could have heard it, and that she is positive he did not do so. Nowhere in the motion for new trial does appellant allege that these facts were not known to him at the time of the trial, nor does he assert that for the first time he became aware of what his wife would testify to after his conviction. The evidence all through the record shows that his wife, himself and prosecutrix had been occupying the room where the offense is alleged to have occurred, and there is no reason apparent to us why appellant should not have known what his wife's testimony would have been if he sought to use her as a witness. There is no pretense that she concealed from him or his attorney any fact known to her. Where a party convicted seeks a new trial on the ground of newly discovered evidence, in addition to setting forth the facts in which the new testimony consists, accused must satisfy the court that the new testimony has come to his knowledge since the trial, and that it was not owing to any want of diligence that it was not discovered sooner; and a new trial will not be granted for alleged newly discovered evidence which could have been obtained at the trial by the use of ordinary diligence.

See many cases collated under Section 198. page 126, Branch's Anno. P. C. Appellant has not even approached the fulfillment of the requirements relative to newly discovered evidence to authorize a new trial.

The judgment of the trial court is affirmed.

                                                        *Affirmed.*